## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **II JOHN WOOD,**<br>**1090 Chesterfield Road**<br>**Crownsville MD  21032**<br><br>    **Plaintiff,**<br><br>**v.**<br><br><br>**RAY MAYBUS**<br>**SECRETARY OF THE NAVY (acting)**<br>**UNITED STATES**<br>c/o U.S. Navy Judge Advocate General's Corps<br>2200 Navy Pentagon<br>Washington, DC 20310-2200<br><br>    **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 1:16-cv-1026

June 1, 16

## <u>COMPLAINT</u>

<u>/s/ Michael D.J. Eisenberg</u>
Michael D.J. Eisenberg
Attorney and Counselor at Law
Law Office of Michael D.J. Eisenberg
70012th Street, NW, Suite 700
Washington, DC  20005
O:  (202) 558-6371
F:  (202) 403-3414
michael@eisenberg-lawoffice.com
Counsel for Plaintiff

## COMPLAINT

COMES NOW the Plaintiff II John Wood, by and through counsel, and for his Complaint he does state:

## NATURE OF ACTION

1. This is an action seeking judicial review under the Administrative Procedures Act, 5 U.S.C. §701, et seq.  On or about September 25, 2015, the Navy Council for Review Boards (NCRB) denied Petty Officer First Class II John Wood's Petition for Relief.  The NCRB failed to provide the Plaintiff's disability rating for Crohn's Disease as well as failed to properly consider ratings for post-traumatic stress disorder (PTSD), cervical spine degenerative joint disease, left shoulder degenerative joint disease, right shoulder degenerative joint disease, chronic lumbar strain, pes cavus-ankles, internal hemorrhoids, and radiculopathy, secondary to back issues.  The NCRB's action on September 25, 2015, to deny Plaintiff proper consideration of his medical conditions and the Navy's subsequent discharge of Plaintiff was arbitrary and capricious.

2. This is an action seeking judicial review of Plaintiff's wrongful discharge from the United States Navy.  It was wrongful for the United States Navy ("USN") to discharge Plaintiff before these medical conditions were addressed

## JURISDICTION AND VENUE

3. This is an action seeking judicial review under § 706 of the Administrative Procedure Act.  Plaintiff asserts that the NCBR and the Secretary of the Navy have acted arbitrarily and capriciously in its September 25, 2015, actions.

4. This is an action seeking judicial review of Federal Government actions, i.e., the United States Navy through an action by the NCBR, within six years from the action in question.

28 U.S.C. § 2501.

## PARTIES

5.  Plaintiff II John Wood (*hereinafter* "Plaintiff" or "Mr. Wood") is a former member of the
    United States Navy and applicant before the NCBR who is adversely affected by the final
    agency action deny his request for full consideration of his service connected medical
    conditions.

6.  Defendant Ray Maybus (*hereinafter* "Defendant") is the Secretary of the Navy, is the
    named Defendant in his official capacity only and is the Secretary over the NCBR

## FACTUAL ALLEGATIONS

7.  Mr. Wood enlisted in the United States Navy on May 25, 2000, and served as an
    Intelligence Specialist, eventually achieving the rank of Petty Officer First Class ("IS1").

8.  After over 11 years of service, because of on going medical conditions, on March 3,
    2015, Mr. Wood was sent to a Medical Evaluation Board ("MEB"), followed by a
    Physical Evaluation Board ("PEB") on March 25, 2015.

9.  Mr. Wood objected to the ripeness of the PEB because the only conditions considered
    were those related to Mr. Wood's Crohn's disease (including his irritable bowel
    syndrome, fatty liver disease, and primary sclerosing cholangitis).

10. The MEB did not address several other conditions the Member is debilitated by, most
    pressingly his Post-Traumatic Stress Disorder ("PTSD").

11. While Mr. Wood did appeal for a formal PEB hearing to examine his medical issues, an
    in-depth medical examination of the conditions did not occur (despite evidence including
    medical diagnoses from the Department of Veterans Affairs).

12. Prior to the MEB and PEB, Mr. Wood was evaluated by the VA and found to have a 90%

service connected disability rating, including a 70% disability rating for PTSD.

13. Despite the evaluation by the VA, the MEB and PEB found Mr. Wood medically unfit for duty with a disability rating of 10% (for Crohn's disease).

14. On August 28, 2015, Mr. Wood filed a Petition for Review with the Navy Council of Review Boards.

15. In his Petition for Review, Mr. Wood explained that the findings of the MEB and PEB were conflicting with the findings of VA medical providers, including the ratings for Crohn's Disease, PTSD, cervical spine degenerative joint disease, left shoulder degenerative joint disease, right shoulder degenerative joint disease, chronic lumbar strain, pes cavus-ankles, internal hemorrhoids, and radiculopathy, secondary to back issues.

16. According to the VA, Mr. Wood's medical conditions received the following disability ratings:

    a. Crohn's disease: 30%

    b. PTSD: 70%

    c. Cervical spine degenerative joint disease: 10%

    d. Left shoulder degenerative joint disease: 10%

    e. Right shoulder degenerative joint disease: 10%

    f. Chronic lumbar strain: 10%

    g. Pes cavus-ankles: 10%

    h. Internal hemorrhoids: 10%

    i. Radiculopathy, secondary to back issues: 10%

17. According to the VA, Mr. Wood's disability ratings totaled 90%.

18. Mr. Wood's Petition for Review requested that because the MEB and PEB failed to address several specific aspects of Mr. Wood's conditions, as well as outstanding VA treatments, the PEB did not have complete, updated and final medical reports, and, therefore, there should be a reevaluation of all conditions prior to a final determination.

19. On September 25, 2015, the NCRB denied Mr. Wood's Petition for Review.

20. Despite the medical diagnoses from the VA, along with supporting medical documentation, the NCRB's denied Mr. Wood's request for examination of these conditions.

21. Mr. Wood was subsequently discharged from the Navy without evaluation for all of his conditions.

## CLAIMS FOR RELIEF

## ADMINISTRATIVE PROCEDURE ACT

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above, as if fully set forth herein.

23. The NCRB's decision of September 25, 2015, to deny evaluation of Plaintiff's medical conditions contained manifest errors and was clearly erroneous, because this decision made conclusions that were contradicted and unsupported by Plaintiff's military file as well as contrary to the medical evidence submitted by Plaintiff (both including or should have included Plaintiff's VA documentation).

24. Accordingly, these decisions were arbitrary, capricious, an abuse of discretion or otherwise contrary to law and must therefore be set aside pursuant to 5 U.S.C. §706(2)(A).

## WRONGFUL DISCHARGE

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above, as if fully set forth herein.

26. The USN's decision to discharge Plaintiff contained manifest error and was clearly erroneous because this decision made conclusions about Plaintiff's medical conditions that were either contradicted or not supported by Plaintiff's entire medical file as well as evidence submitted by Plaintiff.

**PRAYER FOR RELIEF**

27. WHEREFORE, Plaintiff II John Wood prays this Court to enter judgment in favor of Plaintiff as follows:

28. Holding that the NCRB's September 2015 decisions to deny Plaintiff in depth evaluations for all of his medical conditions as arbitrary and capricious.

29. Remanding the issue to the NCRB with specific guidelines in conjunction with Plaintiff's arguments and evidence.

30. Awarding Plaintiff lost pay and benefits, and his costs and attorney's fees, including Equal Access to Justice Act fees for this action.

31. Granting such other relief as the Court deems just and proper.

32. In the alternative, should this Court find that it does not have jurisdiction to hear this appeal, Plaintiff respectfully requests this Court transfer the case to the U.S. Court of Federal Claims under 28 U.S.C. 1491, and in the interests of justice.

Respectfully Submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
Attorney and Counselor at Law
Law Office of Michael D.J. Eisenberg
70012th Street, NW, Suite 700
Washington, DC  20005
O:  (202) 558-6371
F:  (202) 403-3414
michael@eisenberg-lawoffice.com
Counsel for Plaintiff